

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2006

# Tjhin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tjhin v. Atty Gen USA" (2006). *2006 Decisions*. Paper 368.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/368

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5108

SANDI SUTARDI TJHIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,

Respondents

_____

On petition for review of a final order
of the Board of Immigration Appeals
File No: A95-467-065

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on September 28, 2006

Before: RENDELL, ROTH, and
JOHN R. GIBSON,[*] *Circuit Judges*

(Filed: October 3, 2006)

_____

OPINION OF THE COURT
_____

_____

[*]The Honorable John R. Gibson, Senior Circuit Judge for the United States Court
of Appeals for the Eighth Circuit, sitting by designation.

-1-

PER CURIAM.

Sandi Sutardi Tjhin, a native and citizen of Indonesia, petitions for review of the order of the Board of Immigration Appeals denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture.

Tjhin failed to apply for asylum within a year of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B). The Immigration Judge found that there were no extraordinary circumstances that would excuse the delay. See 8 U.S.C. § 1158(a)(2)(D). The Board of Immigration Appeals adopted and affirmed the IJ's decision that Tjhin failed to comply with the statutory deadline. Tjhin does not attack this finding, and in any case, this court would have no jurisdiction to review such an attack on the Board's factual or discretionary determinations as to timeliness of his application. 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006).

Tjhin contends that he is entitled to withholding of removal because he was persecuted on the basis of his Chinese ethnicity and he fears future persecution on that ground. To be eligible for withholding of removal, Tjhin was obliged to show a clear probability that his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); INS v. Stevic, 467 U.S. 407, 429-30 (1984). The Board held that Tjhin failed to prove a likelihood of persecution on a protected ground.

This court reviews the Board's factual findings under the substantial evidence test, and we must uphold them unless any reasonable finder of fact would be compelled to find

to the contrary of the findings.  8 U.S.C. § 1252(b)(4)(B); <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 n.1 (1992).  Tjhin's testimony about the incidents of violence he experienced in Indonesia does not compel a finding that the motivation for the incidents was ethnic hatred, nor do the incidents show a pattern or practice of persecution of Chinese ethnics, as opposed to random criminal activity.  <u>See</u> <u>Lie v. Ashcroft</u>, 396 F.3d 530, 535-37 (3d Cir. 2005).

Tjhin does not pursue his claim for relief under the Convention Against Torture.

We will deny the petition for review.